1  Terry Gross (103878)
   Adam C. Belsky (147800)
2  Monique Alonso (127078)
   GROSS & BELSKY LLP
3  180 Montgomery Street, Suite 2200
   San Francisco, California 94104
4  Telephone: (415) 544-0200
   Facsimile:   (415) 544-0201
5
   Jonathan C. Moore
6  Beldock Levine & Hoffman LLP
   99 Park Avenue, Suite 1600
7  New York, NY 10016
   Telephone: (212) 490-0400
8  Fax: (212) 557-0565

9  Attorneys for Plaintiff R. STAN MORRIS
   and the Proposed Class
10

11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                    SAN FRANCISCO DIVISION
14
                                        C 07 4576
15  R. STAN MORRIS,                  ) Case No.
                                     )
16              Plaintiff,           ) **CLASS ACTION COMPLAINT and**
                                     ) **DEMAND FOR JURY TRIAL**
17       v.                          )
                                     )
18  KOREAN AIR LINES CO., LTD.,      )
                                     )
19              Defendant.           )
                                     )
20  _____  )

21       Plaintiff R. Stan Morris, individually and on behalf of the Class described below, brings this

22  action for treble damages and injunctive relief under the Sherman Antitrust Act of 1890, 15 U.S.C.

23  §§ 1 *et seq.*, and Sections 4 and 16 of the Clayton Antitrust Act of 1914, 15 U.S.C. §§ 15 and 26,

24  against Defendant Korean Air Lines Co., Ltd. ("Defendant" or "Korean Air") and alleges as follows:

25                              **INTRODUCTION**

26       1.    Defendant, together with its co-conspirators, participated in a conspiracy to fix the price

27  of passenger and wholesale fares charged for passenger flights with at least one segment between the

28  United States and the Republic of Korea, including by fixing the price of of fuel surcharges included

in those fares. Because of Defendants' unlawful conduct and conspiracy, plaintiff and others paid artificially inflated prices for these services. Plaintiff brings this class action on behalf of himself and all other persons and entities who purchased passenger air transportation services that included at least one flight segment between the United States and the Republic of Korea from Defendant or its subsidiaries, agents, or co-conspirators, during the period from January 1, 2000, through July 31, 2007.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (original jurisdiction over any claims arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies), because the Complaint alleges violations of the Sherman Act, 15 U.S.C. § 1, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.

3. Venue is proper in this District under 15 U.S.C. §§ 15, 22, and 26, and 28 U.S.C. § 1391(b) and (c), because Defendant resides, has an agent, transacts business, maintains an office, or is otherwise found in this District. Moreover, many of Defendant's unlawful acts giving rise to Plaintiff's claim occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this District because San Francisco International Airport is a major hub of the price fixing conspiracy alleged herein and is located in this District.

## INTRADISTRICT ASSIGNMENT

4. Intradistrict assignment is proper in this Division because a substantial part of the property that is the subject of this action is situated in, and a substantial part of the events or omissions which give rise to the claim occurred in, the Counties of San Francisco and San Mateo.

## THE PARTIES

5. Plaintiff, and proposed class representative, R. Stan Morris ("Plaintiff") is an individual residing in Guntersville, Alabama. Plaintiff purchased from Defendant passenger air transportation services for travel between the United States and the Republic of Korea ("Korea") during the period from January 1, 2000, through July 31, 2007. As a result of Defendant's unlawful conduct alleged herein, Plaintiff has suffered injury in fact and paid artificially inflated prices for passenger air transportation services between the United States and Korea.

6. Defendant Korean Air Lines Co., Ltd. ("Defendant") is an entity organized and existing under the laws of Korea, with its principal place of business in Seoul, Korea. Defendant provides air transportation services for travel between the United States and Korea, and elsewhere, including to and from this District.

7. Certain other persons, firms, corporations and entities, the identities of which Plaintiff is not currently aware of, have participated as co-conspirators with Defendant in the violations and conspiracies alleged in this Complaint. In order to engage in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged herein.

## FACTUAL ALLEGATIONS

8. This action arises from a conspiracy to fix, raise, maintain, and/or stabilize prices for passenger flights with at least one segment between the U.S. and Korea ("Passenger Air Transportation"). The relevant product market for purposes of this action is the market for Passenger Air Transportation. The relevant geographic market is the United States.

9. Korean Air is the largest passenger carrier from the United States to Korea, and averages more than $250 million in annual revenue from those flights. Korean Air does substantial business in California, including operating multiple direct international flights between Korean airports and San Francisco International Airport ("SFO"). SFO is a significant hub for Korean Air.

10. Korean Air sells tickets for Passenger Air Transportation directly to passengers and through wholesalers who resell the tickets to passengers.

11. Beginning on or about January 1, 2000, Korean Air and its co-conspirators commenced a series of meetings, conversations, and other communications during which they discussed and agreed to act in concert with one another in setting the rates to be charged on components of passenger and wholesale Passenger Air Transportation, including by fixing the timing and levels of fuel surcharges levied upon Passenger Air Transportation purportedly to compensate the airline for costs of fuel ("Fuel Surcharges").

12. As a result of such meetings, conversations, and other communications, Korean Air and its co-conspirators levied Passenger Air Transportation fares in accordance with the agreements they

had reached, including by fixing the timing and levels of Fuel Surcharges levied on their Passenger Air Transportation customers.

13. Korean Air and its co-conspirators also engaged in meetings, conversations, and other communications to monitor and enforce adherence to their agreed-upon rates and Fuel Surcharge prices.

14. The U.S. Department of Justice ("DOJ") charged Korean Air with participating in a conspiracy to fix fares charged passengers and/or certain travel agents for flights between the United States and Korea.

15. On August 1, 2007 Korean Air agreed to plead guilty and pay a $300 million criminal fine for its role in the conspiracy to fix the prices of passenger flights.

16. Korean Air admitted its wrongdoing. Korean Air attorney Ahn Yong-Seok, in confirming the plea agreement, announced that Korean Air "apologises to shareholders and customers for causing the trouble." Ahn stated that Korean Air's compliance officer would attempt to ensure future compliance with U.S. and global fair trade rules.

17. Under the plea agreement, Korean Air has agreed to cooperate with the DOJ's ongoing price-fixing investigation.

18. Throughout the relevant period, Korean Air and its co-conspirators affirmatively and fraudulently concealed their unlawful conduct against Plaintiffs and the Class. Korean Air and its co-conspirators conducted their conspiracy in secret and concealed the nature of their unlawful conduct through various means and methods designed to avoid detection, including the following:

    a. by agreeing among themselves not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme;

    b. by engaging in secret meetings, telephone calls, and other communications in order to further their illicit cartel; and/or

    c. by giving false and pretextual reasons for their pricing of passenger and wholesale Passenger Air Transportation rates, and for the increases in those prices during the relevant period, and by describing such pricing and increases falsely as being the result of external costs rather than collusion.

19.     As a result of this fraudulent concealment, Plaintiff and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, that Korean Air and its co-conspirators were violating the antitrust laws as alleged herein until shortly before this litigation was commenced.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action both on behalf of himself, and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of the following class (the "Class"):

> All persons and entities (excluding governmental entities, the Court and its staff, Defendant, Defendant's co-conspirators, and Defendant and its co-conspirators' predecessors, subsidiaries, affiliates, and business partners) who purchased passenger air transportation that included at least one flight segment between the United States and the Republic of Korea from Defendant, its co-conspirators, or any predecessor, subsidiary, affiliate or business partner of Defendant or its co-conspirators, at any time during the period from January 1, 2000 to July 31, 2007 (the "Class Period").

21.     Although Plaintiff does not know the exact number of Class members, since such information is the exclusive control of Defendant and its co-conspirators, Plaintiff is informed and believes, and on that basis alleges, that, due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely tens of thousands of purchasers, and geographically dispersed throughout the United States such that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by Defendant and its co-conspirators and agents.

22.     Plaintiff's claims are typical of the claims of the Class in that Plaintiff is a purchaser of Passenger Air Transportation, all Class members were damaged in the same manner by the same wrongful conduct of Defendant and its co-conspirators as alleged herein, and the relief sought is common to the Class.

23.     Numerous questions of law and fact that are common to the Class arise from Defendant and its co-conspirators' anti-competitive conduct. Among those common questions of law and fact are:

   a.     Whether Defendant engaged in a contract, combination or conspiracy with its co-conspirators to raise, fix, maintain, peg or stabilize the prices of Passenger

Air Transportation, including the prices of Fuel Surcharges and other charges on Passenger Air Transportation;

b. The duration of the conspiracy and the nature and character of the acts done in furtherance of the conspiracy;

c. The identities of the co-conspirators;

d. Whether Defendant and its co-conspirators violated Section 1 of the Sherman Act;

e. Whether Defendant and its co-conspirators actively concealed the contract, combination or conspiracy from Plaintiff and other Class members;

f. Whether the conduct of Defendant and its co-conspirators caused prices of Passenger Air Transportation to be artificially inflated to non-competitive levels; and

g. Whether Plaintiff and other members of the Class were injured by the conduct of Defendant and its co-conspirators and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

24. These common questions of law and fact are common to the Class, and predominate over any other questions affecting only individual Class members.

25. Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff is a typical purchaser of Passenger Air Transportation services and has no conflicts with any other member of the Class. Furthermore, Plaintiff has retained competent counsel experienced in antitrust and class action litigation.

26. This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

27. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant and its co-conspirators.

28. Injunctive relief is appropriate as to the Class as a whole because Defendant and its co-conspirators have acted or refused to act on grounds generally applicable to the Class.

## FIRST CAUSE OF ACTION

**Conspiracy in Restraint of Trade in Violation of the Sherman Act, 15 U.S.C. § 1**
**(Against All Defendants)**

29. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-28 above, as though fully set forth in this cause of action.

30. The business activities of Defendant and its co-conspirators concerning the sale of Passenger Air Transportation services were within and had a substantial effect on interstate commerce.

31. Beginning on January 1, 2000, or earlier, the exact date being unknown to Plaintiff and exclusively within the knowledge of Defendant, Defendant and its co-conspirators, by and through their officers, directors, employees, agents, or other representatives, entered into a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in the Passenger Air Transportation market in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Defendant and its co-conspirators combined and conspired to impose uniform Fuel Surcharges and other charges on Passenger Air Transportation as a means to raise prices for their services, rather than to recover actual costs.

32. Defendant and its co-conspirators, by their unlawful conspiracy, artificially raised, inflated and maintained the market prices of Passenger Air Transportation services, as alleged above.

33. The contract, combination or conspiracy consisted of a continuing agreement, understanding and concert of action among Defendant and its co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of Passenger Air Transportation services they sold in the United States.

34. For the purpose of formulating and effectuating their contract, combination or conspiracy, Defendant and its co-conspirators did those things they contracted, combined or conspired to do, including:

(a) Participating in meetings and conversations to discuss the prices of Passenger Air Transportation services;

(b) Agreeing to manipulate prices and supply of Passenger Air Transportation in a manner that deprived direct purchasers of free and open competition;

(c) Issuing price announcements and price quotations in accordance with the agreements reached; and

(d) Selling Passenger Air Transportation services to customers in the United States at non-competitive prices.

35. As a direct and proximate result of Defendant and its co-conspirators' wrongful acts, Plaintiff and the Class have been injured in their business and property in an amount according to proof at trial, and are entitled to treble damages from Defendant and its co-conspirators pursuant to 15 U.S.C. § 15.

36. Plaintiff is informed and believes, and thereon alleges, that, Defendant and its co-conspirators, unless restrained, will continue with their conspiracy alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, its co-conspirators, and each of them, as follows:

1. For a declaration that this action is a proper class action under Federal Rules of Civil Procedure, Rule 23(b)(3), on behalf of the Class as defined herein, and an Order directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to each member of the Class;

2. For a declaration that the unlawful combination and conspiracy alleged herein is an unreasonable restraint of trade of commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

3. For a preliminary and permanent injunction enjoining Defendant, its co-conspirators, and all persons acting for, with, by, through, or under them, and each of them from further commission of the unlawful combination and conspiracy alleged herein;

4. For damages to Plaintiff and the Class, and treble those damages under 15 U.S.C. § 15;

5. For all costs and expenses of suit of Plaintiff and the Class, including reasonable attorney's fees; and

//

//

6. For such other and further relief as the Court may deem just and proper.

Dated: September 4, 2007

GROSS & BELSKY LLP

By: _____
Adam C. Belsky

Attorneys for Plaintiff R. STAN MORRIS
and the Proposed Class

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues triable by a jury.

Dated: September 4, 2007

GROSS & BELSKY LLP

By: _____
    Adam C. Belsky

Attorneys for Plaintiff R. STAN MORRIS
and the Proposed Class